**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Tel: (310) 322-2220
Fax: (310) 322-2228

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALVAREZ, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>9021PHO FASHION SQUARE LLC, a California Limited Liability Company; 9021PHO RESTAURANTS LLC, a California Limited Liability Company; 9021PHO BEVERLY HILLS LLC a California Limited Liability Company; 9021PHO GLENDALE GALLERIA LLC, a California Limited Liability Company; 9021PHO KTOWN LLC, a California Limited Liability Company; 9021PHO SUNSET LLC, a California Limited Liability Company; 9021PHO THOUSAND OAKS LLC, a California Limited Liability Company; 9021PHO WESTWOOD LLC, a California Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | CASE No. 2:15-cv-03657-SJO-VBK<br><br>**DECLARATION OF PAUL K. HAINES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT**<br><br>Judge:  Hon. Judge S. James Otero<br>Date:    January 11, 2016<br>Time:   10:00 a.m.<br>Dept.:    1<br><br>Complaint Filed: May 14, 2015<br>Trial Date: None Set |

1.     I am a partner with the law firm of Boren, Osher & Luftman LLP, and counsel for Plaintiffs Jorge Alvarez and Javier Clara ("Plaintiff") in the above-captioned matter.  I am a member in good standing of the bar of the State of California and am admitted to practice in this Court.  I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon to do so.

2.     I am a 2006 graduate of Pepperdine University School of Law, where I graduated *cum laude*.  During law school, I worked as a law clerk for the appellate firm of Horvitz & Levy, located in Encino, California.   I also spent a semester in law school working as an extern for the Honorable Edward Rafeedie, District Judge for the United States District Court for the Central District of California.

3.     Since graduating from law school, my practice has focused almost exclusively on employment litigation.  In September 2007, I began working as an associate attorney at the international law firm of Littler Mendelson P.C., at its Los Angeles office, which according to its website is the "largest U.S.-based law firm exclusively devoted to representing management in every aspect of labor and employment law."  While at Littler Mendelson, I was primarily staffed on wage and hour class actions venued in both state and federal courts, and I also worked on a number of single and multi-plaintiff wage and hour matters as well.  In addition to my wage and hour practice, I also was staffed on a number of single and multi-plaintiff actions primarily asserting claims under California's Fair Employment and Housing Act ("FEHA"), which were venued in both state and federal court.

4.     During my employment at Littler Mendelson, I played a significant role in the class actions that I was staffed on, as I was often the only associate staffed on such cases.  In particular, I received a wide-array of wage and hour class action experience performing the following types of tasks: drafting demurrers, motions to strike and/or dismiss; removing actions from state court to federal

HAINES DECLARATION ISO MOTION FOR APPROVAL OF FLSA SETTLEMENT

court; drafting and responding to written discovery; drafting and opposing discovery related motions; arguing discovery related motions; drafting motions to consolidate related matters; interviewing putative class members and obtaining declarations in connection with class certification; drafting oppositions to motions for class certification; drafting motions for decertification following class certification; conducting exposure analyses to assess the strengths and weaknesses of asserted claims, the likelihood of prevailing at class certification and potential damages resulting from such claims; drafting mediation briefs; serving as the primary contact to in-house counsel; deposing named plaintiffs and putative class members; deposing retained expert witnesses; and defending the depositions of corporate witnesses.  In short, I played an integral role in all aspects of litigation from the inception of a matter through and beyond class certification.  I also supervised the work of several junior attorneys who were staffed on the same wage and hour class actions.  Although not exhaustive, below is a list of several of the wage and hour class actions that I performed substantial work on while I was an associate at Littler Mendelson:

- *Gutierrez v. Schmid Insulation Contractors, Inc*., Case No. 2:08-cv-06010-DSF-JC, United States District Court, Central District of California, Honorable Judge Dale S. Fisher, presiding.
- *Ohrling v. AMR Corporation*, Case No. INC 041380, California Superior Court, County of Riverside, Indio Branch, Honorable Judge Randall D. White, presiding.
- *Whiteway v. FedEx Kinkos Office and Print Services, Inc*., Case No. C05-02320 SBA (JCS), United States District Court, Northern District of California, Honorable Judge Saundra Brown Armstrong, presiding.
- *Nelson v. YMCA of Metropolitan Los Angeles*, Case No. BC 435814 California Superior Court, County of Los Angeles, Honorable Judge Abraham Kahn, presiding.

HAINES DECLARATION ISO MOTION FOR APPROVAL OF FLSA SETTLEMENT

- *Joaquin Diaz v. ABM Industries Inc.,* Case No. BC 362932 California Superior Court, County of Los Angeles, Honorable Ruth Ann Kwan, presiding.
- *Maltas v. In-N-Out Burgers Inc.*, Case No. 30-2008-00180073-CU-OE-CXC, California Superior Court, County of Orange, Honorable Judge Steven Perk, presiding.

5.     In June 2011, I voluntarily resigned from Littler Mendelson in order to accept an associate attorney position with the international law firm of Morgan, Lewis & Bockius LLP, at its Los Angeles office, where I began working in July 2011.  During my employment at Morgan, Lewis & Bockius LLP, I worked exclusively on the defense of wage and hour class and collective actions.  For the vast majority of these cases, I was the only associate staffed on the matter, and I performed the same job duties as described in the immediately preceding paragraph.  In addition to working on wage and hour class actions, at Morgan, Lewis & Bockius I also worked on a number of "hybrid" actions asserting nationwide wage and hour claims under the Fair Labor Standards Act ("FLSA"), as well as California-specific claims under Rule 23 of the Rules of Civil Procedure. Although not exhaustive, below is a list of several of the cases that I performed substantial work on while I was an associate at Morgan, Lewis & Bockius:

- *Ruiz-Stupi v. Maxim Healthcare Services, Inc*., Case No. 10-cv-01456-JST-JEM, United States District Court, Central District of California, Honorable Judge Josephine Staton Tucker, presiding.
- *Alexander v. American Express Company*, Case No. SACV 11-00843, United States District Court, Central District of California, Honorable Judge Josephine Staton Tucker, presiding.
- *Canfield v. Aramark Sports, LLC*, Case No. 8:11-cv-01628-JST-MLG, United States District Court, Central District of California, Honorable Judge Josephine Staton Tucker, presiding.

HAINES DECLARATION ISO MOTION FOR APPROVAL OF FLSA SETTLEMENT

- *Williams v. Lockheed Martin Corporation*, Case No. 09-cv-01669-WQH-MDD, United States District Court, Southern District of California, Honorable Judge William Q. Hayes, presiding.
- *Rix v. Lockheed Martin Corporation*, Case No. 3:09-cv-02063-CAB-NLS, United States District Court, Southern District of California, Honorable Judge Cathy Ann Bencivengo, presiding.
- *Smith v. Bimbo Bakeries, USA, Inc.*, Case No. CV12-1689-CAS-PJWx, United States District Court, Central District of California, Honorable Judge Christina A. Snyder, presiding.
- *Cruz v. Sara Lee Corporation*, Case No. CV11-7589 GHK-AJWx, United States District Court, Central District of California, Honorable Judge George G. King, presiding.
- *Swain v. Ryder Integrated Logistics, Inc*., Case No. 3:10-cv-04192-CRB, United States District Court, Northern District of California, Honorable Judge Charles Breyer, presiding.

6. Currently, over ninety percent (90%) of my practice is dedicated exclusively to the prosecution of wage and hour class actions, and I am currently responsible for prosecuting over thirty (30) wage and hour class actions filed in both State and Federal courts throughout California.  To date, I have been appointed as Class Counsel in the following matters, all of which have been granted final approval:

- *Hilberger v. Eisenhower Medical Center*, Case No. INC1204915, California Superior Court, County of Riverside, Honorable Judge John G. Evans, presiding, (in which I was approved for an hourly rate of $500 for work performed in 2012 and 2013).
- *Lopez v. Cornucopia Tools and Plastics, Inc.*, Case No. CV138049, California Superior Court, County of San Luis Obispo, Honorable

HAINES DECLARATION ISO MOTION FOR APPROVAL OF FLSA SETTLEMENT

Judge Martin J. Tangeman, presiding, (in which I was approved for an hourly rate of $425 for work performed in 2013 and 2014).

- *Tacker v. Compass Health, Inc.*, Case No. CV13-02261 BRO (JCG), United States District Court, Central District of California, Honorable Judge Beverly Reid O'Connell, presiding, (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Noell v. American Professional Ambulance Corporation, Inc.*, Case No. BC499345, California Superior Court, County of Los Angeles, Honorable Judge Kenneth R. Freeman, presiding, (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Bautista v. Harvest Management Sub LLC*, Case No. CV12-10004 FMO (CWx), United States District Court, Central District of California, Honorable Judge Fernando M. Olguin, presiding (in which I was approved for an hourly rate of $500 for work performed in 2012, 2013 and 2014).

- *Davila v. OCB Restaurant Co.*, Case No. CV13-5403 PA (JCG), United States District Court, Central District of California, Honorable Judge Percy Anderson, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Abad v. Waste Connections, Inc.*, Case No. CV12-06708 DDP (PJWx), United States District Court, Central District of California, Honorable Judge Dean D. Pregerson, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Plantillas v. Snap-On Incorporated*, Case No. CV13-05153 DDP (VBKx), United States District Court, Central District of California, Honorable Judge Dean D. Pregerson, presiding (in which I was

HAINES DECLARATION ISO MOTION FOR APPROVAL OF FLSA SETTLEMENT

approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Theodore v. Keyes European, LLC,* Case No. BC521395, California Superior Court, County of Los Angeles, Honorable Judge Elihu Berle, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Morales v. Sunset Tower Hotel LLC*, Case No. BC511924, California Superior Court, County of Los Angeles, Honorable Judge John Shepard Wiley Jr., presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Gonzalez v. Universal Alloy Corp.*, Case No. SACV13-00807 JVS (MRWx), United States District Court, Central District of California, Honorable Judge James V. Selna, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Morawski v. Milt Guggia Enterprises, Inc.*, Case No. CV13-2349 ABC (RZx), United States District Court, Central District of California, Honorable Judge Andre Birotte, Jr., presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Thorp v. Alcal Industries, Inc., et al.*, Case No. CV13-02289 YGR, United States District Court, Northern District of California, Honorable Judge Yvonne Gonzalez Rogers, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Myles v. College Hospital,* Case No. BC487206, California Superior Court, County of Los Angeles, Honorable Judge John Shepard Wiley, Jr., presiding (in which I was approved for an hourly rate of $500 for work performed in 2013, 2014 and 2015).

HAINES DECLARATION ISO MOTION FOR APPROVAL OF FLSA SETTLEMENT

- *Sarinana v. DS Waters of America, Inc.,* Case No. C13-0905 EMC, United States District Court, Northern District of California, Honorable Edward M. Chen, presiding (in which I was approved for an hourly rate of $550 for work performed in 2014 and 2015).

- *Julio v. Anthony, Inc.*, Case No. CV14-03172 AB (SHx), United States District Court, Central District of California, Honorable Judge Andre Birotte Jr., presiding (in which I was approved for an hourly rate of $550 for work performed in 2014 and 2015).

- *Litt v. Western Stone & Metal Corp.*, Case No. 3:14-cv-02804-PJH, United States District Court, Northern District of California, Honorable Judge Phyllis J. Hamilton, presiding (in which I was approved for an hourly rate of $550 for work performed in 2014 and 2015).

- *Rubalcava v. United Towing and Transport Burbank, et al.,* Case No. BC518468, California Superior Court, County of Los Angeles, Honorable Judge Kenneth Freeman, presiding (in which I was approved for an hourly rate of $550 for work performed in 2013, 2014 and 2015).

- *Sanchez v. Res-Care, Inc.*, Case No. BC526175, California Superior Court, County of Los Angeles, Honorable John S. Wiley, presiding (in which I was approved for an hourly rate of $550for work performed in 2013, 2014 and 2015).

- *Prado v. Warehouse Demo Services, Inc*., Case No. CV14-3170 JFW (Ex), United States District Court, Central District of California, Honorable Judge John F. Walter, presiding (in which I was approved for an hourly rate of $550 for work performed in 2014 and 2015).

- *Rivera Regalado v. Jaguar Farm Labor Contracting,* Case No. CV 130569, California Superior Court, County of San Luis Obispo,

HAINES DECLARATION ISO MOTION FOR APPROVAL OF FLSA SETTLEMENT

Honorable Martin J. Tangeman, presiding (in which I was approved for an hourly rate of $550 for work performed in 2014 and 2015).

- *Rodas v. Gateways Hospital and Mental Health Center,* Case No. BC503179, California Superior Court, County of Los Angeles, Honorable Judge Amy D. Hogue, presiding (in which I was approved for an hourly rate of $550 for work performed in 2014 and 2015).

7.     I have also moved to certify and have received an order certifying a class action and/or conditionally certifying a collective action, in the following cases:

- *Medeiros v. Vortex Financial Management Inc.*, Case No. 30-2013-00644741-CU-OE-CXC, California Superior Court, County of Orange, Honorable Judge Gail A. Andler, presiding (certifying a class of employees who were mis-classified as independent contractors).

- *Javine v. San Luis Ambulance Service, Inc.*, Case No. CV13-07480 BRO (SSx), United States District Court, Central District of California, Honorable Judge Beverly Reid O'Connell, presiding (conditionally certifying an unpaid FLSA overtime wage class).

- *Prado v. Warehouse Demo Services, Inc.*, Case No. CV14-3170 JFW (Ex), United States District Court, Central District of California, Honorable Judge John F. Walter, presiding (certifying a rest period violation class and conditionally certifying an FLSA unpaid overtime wage class).

- *Bower v. Cycle Gear, Inc.*, Case No. CV14-2712 HSG, United States District Court, Northern District of California, Honorable Judge Haywood S. Gilliam, Jr., presiding (conditionally certifying an unpaid FLSA overtime wage class).

- *Vega v. Weatherford U.S., Limited Partnership*, Case No. CV14-1790-JLT, United States District Court, Eastern District of California,

Honorable Jennifer L. Thurston, presiding (conditionally certifying an unpaid FLSA overtime wage class).

- *Vega v. Hydraulics International, Inc.*, Case No. BC518522, California Superior Court, County of Los Angeles, Honorable Kenneth R. Freeman, presiding (certifying an unpaid wage class).

8.      In 2015, Thomson Reuters and Los Angeles Magazine recognized me as a Top Young Attorney in Southern California in the annual Rising Star Edition of Super Lawyer.  This is an honor awarded to no more than two and a half percent of attorneys under the age of forty in Southern California each year.

9.      In this matter, Defendants produced evidence of arbitration agreements which had been executed by many of the putative collective action members.  After analyzing the arbitration agreement and reaching the conclusion that it would likely be enforced by the Court, Plaintiff agreed to exclude those employees who had executed arbitration agreements from the putative collective action.  Accordingly, notice was sent on August 26, 2015 to a total of four employees meeting the collective action definition who had not signed arbitration agreements.  As of the close of the opt-in period on October 10, 2015, one additional individual, Javier Clara, had opted-in to the action.

10.      Following the close of the opt-in period, Defendants produced the complete timekeeping and payroll records for both Plaintiffs, and Plaintiffs had the records analyzed by a third-party statistical economist with a Ph.D.  Based on Plaintiffs' analysis of the timekeeping and payroll records, Plaintiffs estimated that Plaintiff Alvarez's maximal potential recovery, inclusive of unpaid overtime wages, meal and rest period premium wages, wage statement penalties, waiting time penalties and PAGA civil penalties, was approximately $61,758.21, and that Plaintiff Clara's maximal potential recovery was approximately $37,054.93.  Based on these respective damages analysis, the proposed Settlement will divide

the Net Settlement Amount 62.5% to Plaintiff Alvarez and 37.5% to Plaintiff Clara.

11.     Due to the fact that only two individuals were participating in the collective action, the parties decided that it would be in the best interests of all parties to forego the expense of a private mediator and engage in settlement discussions directly through counsel.  During the settlement negotiations, Defendants expressed their position that Plaintiffs qualified as exempt from overtime under the FLSA under one or more of the executive, managerial, and/or learned professional exemptions.  The proposed Settlement accounts for the risk that Defendant could prevail on one or more of these arguments, and avoids the costs, uncertainty and delay of additional litigation while compensating Plaintiffs for more than 100% of their expected damages, based on each of the claims asserted.  After reaching the proposed Settlement, the parties spent several weeks negotiating and drafting the long-form Settlement Agreement.  A true and correct copy of the Settlement Agreement executed by all parties is attached hereto as **Exhibit A**.

12.     I have billed a total of 38.9 hours litigating this matter at a billable rate of $550 per hour.  Additionally, Associate Attorney Fletcher W. Schmidt (a 2012 graduate of Loyola Law School) has spent a total of 40.5 hours at a billable rate of $350 per hour, and Associate Attorney Kristina R. Sherry (a 2013 graduate of Pepperdine University School of Law) has spent a total of 12.3 hours at a billable rate of $325 per hour in litigating this matter towards a resolution. Therefore, my firm's total combined lodestar is $39,567.50, which exceeds the amount of $38,500 requested as fees in this matter.

13.     Fletcher W. Schmidt, Kristina R. Sherry and I have all previously been approved at the requested rates by Federal and California courts in matters similar to this one.  In my experience the requested fee award is in line with market rates. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (lodestar should be based on

using hourly rates that are "the prevailing market rates in the relevant community"); *Gonzalez v. USF Reddaway, Inc.*, Case No. 5:10-CV-01514-AHM-OP (C.D. Cal. April 30, 2012) (granting request for attorneys' fees including billable rate of $575 for an attorney with 10.8 years in practice in wage and hour class action settlement); *Castro v. UPS Ground Freight, Inc.*, Case No. CV 08-4898 ODW (CWx) (C.D. Cal. September 10, 2009) (in granting request for attorneys' fees, court approved hourly rate of $500 for 2003 law school graduate in wage and hour class action settlement); *Charlebois v. Angels Baseball LP*, Case No. SACV 10-0853 DOC (ANx), 2012 WL 2449849 at *5 (C.D. Cal. May 30, 2012) ("Likewise, an attorney with six years' experience, the same number of years of practice as Ms. Canning, was awarded $500/hour, and a five year attorney was awarded $475.  By contrast, Ms. Canning is only requesting $450/hour.  Given that the *Caltrans* rates were approved in 2010 and it is now 2012, Class Counsel's requested rates are below the high end of the market")[internal citation omitted]; *Goldkorn v. County of San Bernardino*, Case No. EDCV 06-707-VAP (OPx) (C.D. Cal. February 13, 2012) (approving billable rate of $450 for law school graduate in civil rights case).  "Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *See Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on December 10, 2015, at El Segundo, California.

_/s/Paul K. Haines_____
Paul K. Haines

HAINES DECLARATION ISO MOTION FOR APPROVAL OF FLSA SETTLEMENT

# Exhibit A

## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

Subject to the approval of the Court, this Settlement Agreement and General Release (the "Agreement") is made and entered into by and between the undersigned parties ("the Parties"), Jorge Alvarez and Javier Clara ("Plaintiffs"), on the one hand, and 9021PHO Fashion Square LLC, 9021PHO Restaurants LLC, 9021PHO Beverly Hills LLC, 9021PHO Glendale Galleria LLC, 9021PHO Ktown LLC, 9021PHO Sunset LLC, 9021PHO Thousand Oaks LLC, 9021PHO Westwood LLC ("Defendants"), on the other.

### RECITALS

A.     Plaintiffs are former employees of Defendants.  Plaintiff Jorge Alvarez was employed by Defendants' "Fashion Square" restaurant in Sherman Oaks, California.  Plaintiff Javier Clara was employed by Defendants' Fashion Square and Glendale Galleria restaurants.

B.     Plaintiff Alvarez filed a Collective and Representative Action Complaint in the United States District Court, Central District of California, on May 14, 2015, Case Number 2:15-cv-03657-SJO-VBK (the "Action").   In the Action, Alvarez alleged claims for (1) Overtime Violations (California Labor Code §§ 204, 510, 558, 1194, and 1198); (2) Violations of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et seq.*); (3) Minimum Wage Violations (California Labor Code §§ 1182.12, 1194, 1194.2, and 1197); (4) Meal Period Violations (California Labor Code §§ 226.7, 512, and 558); (5) Rest Period Violations (California Labor Code §§ 226.7, 512, 558); (6) Wage Statement Violations (California Labor Code § 226 *et seq.*); (7) Waiting Time Penalties (California Labor Code §§ 201-203); (8) Unfair Competition (California Business and Professions Code § 17200 *et seq.*); and (9) Private Attorneys General Act Penalties (California Labor Code § 2698 *et seq.*).  Defendants deny the allegations in the Action in their entirety and do not admit any liability.

C.     On July 15, 2015, pursuant to the Court's Order Approving Joint Stipulation and Granting Conditional Class Certification, the following FLSA Class Subset was conditionally certified:

All current and former employees of Defendants who were classified as exempt by Defendants and worked in the positions of Sous Chef, Prep Cook, Kitchen Manager and/or Assistant Kitchen Manager, and who did not sign arbitration agreements, from May 14, 2012 to the present.

Pursuant to the Order, the Parties also dismissed from the Action without prejudice 9021 Pho Licensing LLC and individual Kimmy Tang.

D.     On October 20, 2015, Plaintiffs filed a Notice of Opt-In notifying the Court of Plaintiff Clara's Collective Action Lawsuit Consent Form, which he signed on September 21, 2015.

ACTIVE 32604430v1 12/02/2015 1:52 PM

E.      Counsel for the Parties engaged in extensive discovery that examined in great detail the wage claims for both Plaintiffs who are parties to this Action.  Plaintiffs' counsel retained an economist with a Ph.D. to examine the timekeeping and payroll records of the Plaintiffs and prepared a report of their estimated damages into each claim.  After having engaged in significant discovery, Counsel for the Parties have engaged in extensive discussions about the respective strengths and weakness of the claims and defenses in the Action.

F.      The Parties have fully and finally agreed to settle all claims Plaintiffs might have against Defendants including, but not limited to, those claims asserted in the Action, as well as all claims related to Plaintiffs' employment with Defendants and the termination of that employment.  Defendants agree to pay a Total Settlement Amount ("TSA") of ONE HUNDRED AND TEN THOUSAND DOLLARS AND ZERO CENTS ($110,000.00).  Following the subtraction of attorneys' fees and costs from the TSA, the remaining sum, or the "Net Settlement Amount" (or "NSA") shall be divided between the two Plaintiffs as follows: 62.5% to Plaintiff Alvarez and 37.5% to Plaintiff Clara.  This Agreement memorializes that settlement.

NOW, THEREFORE, in consideration of the terms, conditions, and promises set forth herein, and subject to the approval of the Court, it is agreed as follows:

1.      **Nonadmission of Liability.**  Plaintiffs acknowledge that the execution of this Agreement and the payment of consideration or any other obligation hereunder are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendants or any of its current or former employees.  Plaintiffs further acknowledge that Defendants deny all allegations of wrongdoing alleged in the Action.  Defendants intend, by this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

2.      **Motion to Confirm and Dismiss Action.**  Following the execution of this Agreement by each of the Parties, the Parties agree that their Counsel will present this Agreement, along with the Motion to Confirm Settlement and Dismiss Action ("Motion") to the Court for review and approval.  Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and dismissal of the Action with prejudice.

3.      **Consideration by Defendants.**  In consideration for promises made by Plaintiffs herein, Defendants agree to pay a gross sum of ONE HUNDRED AND TEN THOUSAND DOLLARS AND ZERO CENTS ($110,000.00).  This payment shall be referred to as the "Total Settlement Amount" or "TSA."  The principal terms are summarized as follows:

- **TSA**                                                    $110,000.00
- Minus attorneys' fees (not to exceed 35%):                 $38,500.00
- Minus actual litigation costs (up to):                     $10,600.00
- Minus PAGA payment to LWDA:                                $1,000.00
  **Net Settlement Amount ("NSA") for Plaintiffs:**          **$59,900.00** (minimum)

ACTIVE 32604430v1 12/02/2015 1:52 PM

Plaintiffs shall be paid their respective portions of the NSA, as follows:

- **62.5 percent** to Plaintiff Alvarez; and

- **37.5 percent** to Plaintiff Clara.

IRS Forms 1099 shall be issued to Plaintiffs in connection with their respective portions of the NSA. Plaintiffs shall be solely responsible for complying with all applicable federal, state or local tax laws in connection with the receipt of their respective portions of the NSA.

4.      **Responsibility for Tax Obligations.** Plaintiffs understand and agree that they are solely responsible for all tax obligations, including all reporting and payment obligations that may arise as a consequence of this Agreement and payment of Plaintiffs' NSA. Plaintiffs understand and agree to indemnify and hold harmless Defendants and any person or entity affiliated with Defendants from any tax liability or penalties that may arise from this payment. Plaintiffs further acknowledge that neither Defendants nor any of their representatives or attorneys, have made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid to Plaintiffs pursuant to this Agreement. Plaintiffs further acknowledge that Defendants have no obligation to indemnify or defend them in any tax proceedings or from any tax consequences that could result from payments made in accordance with this Agreement.

5.      **Entire Compensation.** Plaintiffs agree that the TSA shall constitute the entire consideration due and is in full and complete satisfaction of any and all claims, demands and/or causes of action they have or may have against Defendants and Releasees as described below in Paragraph 7, and that Plaintiffs will not seek any further compensation for any other claimed damages, costs, or additional attorneys' fees in connection with the matters encompassed in this Agreement. Plaintiffs acknowledge and agree that they would not be entitled to receive their respective portions of the Net Settlement Amount if they did not make the promises that they are making in this Agreement.

6.      **Timing of Payment.** In consideration for dismissal of the Action with prejudice, and Plaintiffs entering into a general release of any and all claims as addressed in Paragraphs 7 and 8 of this Agreement, Defendants agree to remit the TSA of ONE HUNDRED AND TEN THOUSAND DOLLARS AND ZERO CENTS ($110,000.00) to CPT Group, Inc. ("CPT") within TWENTY-ONE (21) DAYS of the "Effective Date" of this Agreement, as defined in Paragraph 9. CPT shall effectuate and process the TSA pursuant to the terms described above in Paragraph 3, and counsel for Plaintiffs shall promptly provide any W9 needed to effectuate payment.

7.      **Complete General Release.** In consideration for the promises set forth in this Agreement, Plaintiffs hereby fully and finally release Defendants and each of their subsidiaries, parent companies, related companies, partners, officers, directors, managers, and attorneys, past or present, (collectively, the "Releasees"), from any and all claims of whatever character, in law

or in equity, arising from the Plaintiffs' employment with Defendants, or the termination of said employment.

Notwithstanding this general release of claims, nothing in this Agreement is intended to operate as, nor shall be construed as, a release or waiver of any rights and/or claims that cannot be released or waived as a matter of law.

**8.     General Release of Unknown Claims.**  For the purpose of implementing a full and complete release, Plaintiffs expressly acknowledge that the release they give in this Agreement is intended to include in its effect, without limitation, claims that they did not know or suspect to exist at the time of execution hereof, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any such unknown claims.  In furtherance of this settlement, Plaintiffs waive any rights they may have under California Civil Code Section 1542 (and other similar statutes and regulations).  Section 1542 states:

> "A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor."

**9.     Effective Date.**  The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's granting of the Motion (the "Effective Date").

**10.     Mutual Non-Disparagement.**  Plaintiffs agree that they will not at any time hereafter make any statements, either verbal or written to anyone, including without limitation, any electronic or print news media or other publications, or any community organizations, which would malign, defame or disparage the reputation, image, good will or commercial interest of Defendants or any of the Releasees.  Defendants agree that they will not at any time hereafter make any statements, either verbal or written to anyone, including without limitation, any electronic or print news media or other publications, or any community organizations, which would malign, defame or disparage the reputation, image, good will or commercial interest of Plaintiffs.

**11.     Successors.**  This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors, insurers, and assigns, and shall inure to the benefit of each and all of the Releasees, and to their heirs, representatives, executors, administrators, successors, and assignees.

**12.     Employment Reference Requests.**  In response to any and all employment verification / reference requests, Plaintiffs shall direct prospective employers to contact Defendants' Human Resources.  The only information that will be provided to prospective

4 of 7

employers by Human Resources is dates of employment, positions held and, if authorized in writing by the employee, the employee's last rate of pay.

**13.     Admissibility of Agreement.**  The Parties agree and stipulate that this Agreement is admissible for the purposes of proving and/or enforcing the terms of the Parties' Agreement, as set forth herein.

**14.     Attorneys' Fees and Costs.**  The Parties agree that except as otherwise stated herein, they shall bear their own respective costs and fees, including but not limited to attorneys' fees, in connection with the Action, and the negotiation and execution of this Agreement.

**15.     Arbitration.**  Any claim by any party for breach or enforcement of any provision of this Agreement will be subject to binding arbitration before the Judicial Arbitration and Mediation Services.  The arbitration shall take place in Los Angeles, California.  The decision of the arbitrator shall be final and conclusive, and the parties waive the right to trial *de novo* or appeal, excepting only for the purpose of confirming the arbitrator's decision, for which purpose the Parties agree the California Superior Court shall have jurisdiction.  The party asserting any breach will have the burden of proof with respect thereto.

**16.     Agreement is Voluntary.**  The Parties understand and agree that Plaintiffs:

(a)     Have had a sufficient and reasonable amount of time within which to consider the settlement terms memorialized in this Agreement before agreeing to them.

(b)     Have carefully read and fully understand all of the provisions of this Agreement.

(c)     Are, through this Agreement, releasing any and all claims they may have against Defendants and/or any Releasee.

(d)     Knowingly and voluntarily agree to all of the terms set forth in this Agreement.

(e)     Knowingly and voluntarily intend to be legally bound by the same.

(f)     Consulted with and were represented by an attorney prior to agreeing to the terms of this Agreement.

**17.     Interpretation and Governing Law.**  This Agreement shall be governed by and interpreted under the laws of the State of California applicable to contracts made and to be performed entirely within such State.

**18.     Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings between the Parties pertaining to the subject matter of this Agreement.  The Parties agree that no change to or modification of this Settlement Agreement shall be valid or binding unless it is in writing and signed by Plaintiffs and a duly authorized officer of Defendants.

ACTIVE 32604430v1 12/02/2015 1:52 PM

**18.     Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings between the Parties pertaining to the subject matter of this Agreement.  The Parties agree that no change to or modification of this Settlement Agreement shall be valid or binding unless it is in writing and signed by Plaintiffs and a duly authorized officer of Defendants.

**19.     Construing Provisions.**  The language of all parts in this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party. Should any provision in this Agreement be declared or determined to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected and the illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement, and all remaining provisions shall remain valid and enforceable. Plaintiffs further agree that in the event any provision of this Agreement is held to be illegal or unenforceable, Plaintiffs will fully cooperate with Defendants to effectuate its purpose to conform the provision(s) to law.

**20.     Jointly Drafted.**  This Agreement is deemed to have been drafted jointly by the Parties.  Any uncertainty or ambiguity shall not be construed for or against any Party, since all Parties have participated in the negotiations and drafting of this Agreement.

**21.     Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Furthermore, signatures delivered via facsimile transmission shall have the same force, validity and effect as the originals thereof.

Plaintiffs

Date:  ___12/04/2015___     _____
                                                    Jorge Alvarez

Date:  ___12/04/2015___     _____
                                                    Javier Clara

Defendants 9021PHO Fashion Square LLC, 9021PHO Restaurants LLC, 9021PHO Beverly Hills LLC, 9021PHO Glendale Galleria LLC, 9021PHO Ktown LLC, 9021PHO Sunset LLC, 9021PHO Thousand Oaks LLC, and 9021PHO Westwood LLC

Date:  _____     By:_____

                                                    Title:_____

6 of 7

**19.   Construing Provisions.**  The language of all parts in this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party. Should any provision in this Agreement be declared or determined to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected and the illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement, and all remaining provisions shall remain valid and enforceable. Plaintiffs further agree that in the event any provision of this Agreement is held to be illegal or unenforceable, Plaintiffs will fully cooperate with Defendants to effectuate its purpose to conform the provision(s) to law.

**20.   Jointly Drafted.**  This Agreement is deemed to have been drafted jointly by the Parties.  Any uncertainty or ambiguity shall not be construed for or against any Party, since all Parties have participated in the negotiations and drafting of this Agreement.

**21.   Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Furthermore, signatures delivered via facsimile transmission shall have the same force, validity and effect as the originals thereof.

Plaintiffs

Date: _____      _____
                                          Jorge Alvarez

Date: _____      _____
                                          Javier Clara

                                          Defendants 9021PHO Fashion Square LLC,
                                          9021PHO Restaurants LLC, 9021PHO Beverly
                                          Hills LLC, 9021PHO Glendale Galleria LLC,
                                          9021PHO Ktown LLC, 9021PHO Sunset LLC,
                                          9021PHO Thousand Oaks LLC, and 9021PHO
                                          Westwood LLC

Date: 11/8/15                 By: _____

                                          Title: _____

ACTIVE 32604430v1 12/02/2015 1:52 PM

APPROVED AS TO FORM AND CONTENT:

FOX ROTHSCHILD LLP

Dated: __12/9__, 2015

By: _Nancy Yaffe_
Nancy Yaffe,
Attorneys for Defendants

BOREN, OSHER & LUFTMAN LLP

Dated: __12 - 9__, 2015

By: _____
Paul K. Haines,
Attorneys for Plaintiffs Jorge Alvarez and
Javier Clara

7 of 7